IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2007


**BOBBY RAYLE v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Hawkins County**
**No. 06CR0111    James Edward Beckner, Judge**

---

**No. E2006-01366-CCA-R3-PC - Filed July 9, 2007**

---

The petitioner, Bobby Rayle, pled guilty to one count of child rape in the Hawkins County Criminal Court. Pursuant to the plea agreement, he received a sentence of fifteen years as a Range I, standard offender to be served at one hundred percent. The petitioner timely filed a petition for post-conviction relief alleging that his guilty plea was not voluntarily or knowingly made and that he was denied the effective assistance of counsel. After a full evidentiary hearing, the trial court denied relief. Following our review, we affirm the denial of post-conviction relief.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA McGEE OGLE, JJ., joined.

Gregg Eichelman, District Public Defender, and R. Russell Mattocks, Assistant District Public Defender, Morristown, Tennessee, for the appellant, Bobby Rayle.

Robert E. Cooper, Jr., Attorney General & Reporter, Rachel E. Willis, Assistant Attorney General; C. Berkeley Bell, District Attorney General; Doug Godbee and Virgil Everhart, Assistant District Attorneys General, for the appellee, State of Tennessee.


**OPINION**

The facts relevant to the petitioner's underlying conviction can be gleaned from the guilty plea submission hearing. The petitioner was initially indicted for two counts of rape of a child alleged to have occurred in January 2004 at a time when he was babysitting the victim and his older brother. Pursuant to the plea agreement, the state dismissed count two of the indictment and the petitioner entered a best interest plea to count one, which alleged that the seven-year-old victim fellated the petitioner while in the petitioner's care.

The petitioner filed his petition for post-conviction relief, initially alleging that his conviction resulted from a coerced confession, an unlawful search and seizure, an involuntary guilty plea, and the denial of effective assistance of counsel. At the post-conviction evidentiary hearing, counsel withdrew the allegations related to the suppression of evidence and confession, leaving the remaining allegations of an involuntary plea and ineffective assistance of counsel for consideration at the evidentiary hearing.

Relative to his post-conviction claims, the petitioner acknowledged a plea agreement that he signed on September 28, 2005, after consulting with trial counsel but testified that he did "not really" understand what he was doing at the time because he was on generic Librium administered by the Hawkins County jail. He stated that he had never been treated for mental illness or anxiety before and that the jail had begun administering the medication on September 27. The petitioner recalled that, when asked at the submission hearing, he told the trial court that he had not taken any alcohol or drugs. At the evidentiary hearing, he explained that he understood that to mean illegal drugs. He testified that he felt like he was "in two totally different world[s]" at the submission hearing. He stated that if he had not been taking the medication he would not have entered the guilty plea. On cross-examination, he acknowledged that he never indicated to anyone that he was under the influence of drugs or that he did not want to enter the guilty plea at the time of the submission hearing. On redirect, he stated that his trial attorney knew that he was medicated on the day of the submission hearing. Jail records admitted at the evidentiary hearing reflect that the petitioner began taking the generic Librium on September 28 and stopped taking the medication on October 7 or 8. The defendant entered his guilty plea on October 3.

Debra David, jail administrator of the Hawkins County jail, confirmed that the petitioner was prescribed generic Librium to treat anxiety while awaiting trial. She stated that Ethel Moore, the jail nurse, prescribed the medication on September 27 or 28 and that the petitioner began taking the medication on September 29. The records also indicated that the medication was discontinued on October 8. David stated that the petitioner received a low dose of the medication. She also stated that the records reflected that Moore did not perform an examination of the petitioner before prescribing the medication.

The petitioner's trial counsel testified that he had been licensed to practice law for eighteen years with substantial experience in criminal law. He recalled the he obtained discovery from the state at the onset of his representation of the petitioner. From the discovery, he determined that a motion to suppress the petitioner's statement should be filed based on the allegation that it was coerced. At his direction, the petitioner underwent a mental evaluation to determine his competency after counsel's investigation revealed that the petitioner could be easily led. After the denial of the motion to suppress and a finding of competency, counsel prepared the petitioner to go to trial. However, he did present the petitioner with a plea agreement and discussed the risks of proceeding to trial in light of the petitioner's statement and the expected testimony of both the victim and the victim's brother. He advised the petitioner to accept the plea agreement because it would result in the minimum sentence and a dismissal of the second count. He recalled that after some consideration, the petitioner did agree to take a best interest plea. Counsel indicated that within days

of signing the plea agreement, the petitioner made further statements to him that he thought were incriminating, but counsel recalled that the petitioner later claimed that the statements were not true. He stated that he explained the plea agreement to the petitioner at least twice, including on the day of the plea submission hearing. He recalled that the petitioner "seemed to be nervous the day we were in court, which is understandable. But . . . he seemed to know what he was doing." He also recalled that the jail had prescribed the medication sometime during the week prior to the guilty plea because the petitioner had threatened to commit suicide. On cross-examination, counsel stated that the petitioner never told him that he was being given medication on the day of the plea submission or that it was clouding his ability to think.

The record reflects that the trial court considered the evidence presented at the evidentiary hearing as well as the transcript of the guilty plea submission hearing. The court denied the petition for post-conviction relief and found that:

> Certainly, there was no indication of confusion on the part of the petitioner during the taking of the plea, but just the opposite. This court has observed him again today, and his demeanor is no different or clearer than it was on that day.
> . . . .
> No better result could have possibly been obtained if the petitioner had gone to trial. It would have had to have been worse. The plea was well advised. The plea should have been entered.
>
> For all those reasons, this court finds that the guilty plea of the petitioner in all respects was voluntarily, knowingly, understandingly, and intelligently made; and secondly, finds that the petitioner received effective assistance of counsel in all aspects of the representation by [trial counsel].

## ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. §40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

### A. Voluntariness of Guilty Plea Claim

The petitioner alleges that his guilty plea was involuntary because he was medicated at the time of the plea submission and did not understand what he was doing. When analyzing the voluntariness of a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337

(Tenn.1977). State v. Pettus, 986 S.W.2d 540, 542 (Tenn.1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242, 89 S. Ct. at 1711. Similarly, the Tennessee Supreme Court in Mackey required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. Pettus, 986 S.W.2d at 542. A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn.1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

To obtain post-conviction relief, the petitioner has the burden of establishing by clear and convincing evidence in the trial court that his guilty plea was entered involuntarily, unknowingly, or unintelligently. The petitioner testified that he was under the influence of generic Librium when he entered his guilty plea and that it clouded his thinking. However, we note that the petitioner presented no expert testimony regarding the side effects Librium. The submission hearing transcript reflects that the trial court thoroughly questioned the petitioner regarding his desire to enter the guilty plea, the nature of the rights he was waiving by pleading guilty and whether he had taken any alcohol or drugs. At the post-conviction evidentiary hearing, the petitioner acknowledged that he never told the court or his trial attorney that he was impaired in any way at the submission hearing. Trial counsel testified that he had no indication that the petitioner was impaired at the submission hearing.

As noted by the post-conviction court, the petitioner answered appropriately and with understanding to all questions at the submission hearing and indicated a full understanding of the nature of the charges against him, the evidence that would be presented at a trial and the potential sentence he faced if convicted, as well as the benefit of entering into the plea agreement. The post-conviction court found that the plea "in all respects was voluntarily, knowingly, understandingly, and intelligently made." The evidence does not preponderate against the findings of the trial court. This court concludes that the trial court correctly denied the petition for post-conviction relief based on the allegation of an involuntary guilty plea.

## B. Ineffective Assistance of Counsel Claim

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockart v. Fretwell, 506 U.S. 364, 368-372, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2068. The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability means a probability sufficient to undermine confidence in the outcome." Id. Failure to satisfy either prong results in the denial of relief. Id. at 697, 104 S. Ct. at 2069.

We conclude that the trial court correctly found that the petitioner did not suffer from deficient representation. The evidence presented at the evidentiary hearing reflects that trial counsel thoroughly and adequately investigated the petitioner's case before advising him regarding the plea agreement. After our review of the record, this court agrees with the trial court that the outcome of the petitioner's case would have been much worse had he gone to trial. The evidence does not preponderate against any of the trial court's findings regarding the effective assistance of counsel. We conclude that the trial court correctly denied post-conviction relief on this basis.

## CONCLUSION

The petitioner has failed to meet his burden of proof regarding his allegations of involuntary guilty plea and ineffective assistance of counsel. We conclude that the trial court correctly denied the petition for post-conviction relief. Therefore, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-5-